### SANDRA ZLOKOWER *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL. (12729)

PETERS, C. J., SHEA, SANTANIELLO, CALLAHAN and F. HENNESSY, Js.

Argued March 12—decision released June 17, 1986

*Roger E. Koontz,* with whom, on the brief, was *David Silverstone,* for the appellant (plaintiff).

*Thomas P. Clifford III,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (named defendant).

SANTANIELLO, J. The dispositive issue on this appeal is whether a prospective tenant must show that he is qualified for certain housing as part of his prima

facie case of discrimination under General Statutes § 46a-64 (a). On March 26, 1982, a hearing officer appointed by the state commission on human rights and opportunities (hereinafter the CHRO) found that the plaintiff, Sandra Zlokower, had denied the complainant, Conrad Pelletier, full and equal access to a public accommodation, in violation of General Statutes § 46a-64 (a).[1] The plaintiff appealed the hearing officer's decision to the Superior Court pursuant to General Statutes § 4-183, but the court, *E. O'Connell, J.,* affirmed the agency's findings. The plaintiff now appeals the judgment of the Superior Court, claiming that the court erred: (1) in affirming the hearing officer's finding that the complainant had established a prima facie case of discriminatory action; (2) in concluding that the officer applied the correct standard in evaluating the plaintiff's nondiscriminatory reasons for refusal to rent; (3) in concluding that there was sufficient evidence to support the officer's finding that the plaintiff had engaged in discriminatory practices; and (4) in affirming the officer's order of relief. We find error on the first of these issues and remand the matter for further proceedings.

After conducting a formal hearing on December 18, 1981, the hearing officer found the following facts. In 1972, the complainant, his sister, his brother and their parents moved into a six room, second floor apartment

---

[1] General Statutes § 46a-64 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section: (1) To deny any person within the jurisdiction of this state full and equal accommodations in any place of public accommodation, resort or amusement because of race, creed, color, national origin, ancestry, sex, marital status, age, mental retardation or physical disability, including, but not limited to, blindness or deafness of the applicant, subject only to the conditions and limitations established by law and applicable alike to all persons; (2) to discriminate, segregate or separate on account of race, creed, color, national origin, ancestry, sex, marital status, age, mental retardation or physical disability, including, but not limited to, blindness or deafness."

at 137 Whitney Street in Hartford. The building is a three-family structure and is located in a residential neighborhood. In 1976 the plaintiff purchased the property and executed a written lease with the complainant's parents. As of May 1, 1981, only the complainant and his mother, Lumina Pelletier, remained as tenants in the apartment. The complainant contributed at least one half of the rent at that time.

In early May, 1981, the plaintiff notified the complainant and his mother that the rent would be increased by $105 per month. A meeting was held among the three at which Lumina Pelletier told the plaintiff that she would be vacating the apartment. The complainant offered to remain in the apartment if he were allowed roommates to share in the rent, and offered to give the plaintiff the opportunity to interview potential roommates and check their references. No specifics as to the complainant's offer were discussed at this time and no particular names were mentioned as possible roommates. The plaintiff refused the offer, whether or not the roommates were made parties to the lease, stating that she preferred couples or families because they were more "stable." The plaintiff never offered the complainant a lease and later agreed to rent the apartment to a married couple. Another married couple who applied for the apartment had been rejected because they were students and were unwilling to stay in the apartment for more than a year.

On the basis of these and other facts, the tribunal concluded that the plaintiff had discriminated against the complainant, in violation of General Statutes § 46a-64 (a), because he was a single male. On March 26, 1982, it ordered, inter alia, that the complainant be allowed to rent the apartment with a roommate for the term of one year and that he recover attorney's fees in the amount of $500 for the costs of defending an ille-

gal entry and detainer complaint filed by the plaintiff, plus the amount incurred in prosecuting the administrative complaint.

The plaintiff's primary claim on appeal is that the complainant failed to make out a prima facie case of prohibited discriminatory action and that the tribunal applied an incorrect standard in assessing whether such a case had been established.

This case presents the first occasion for us to consider the burden of proof a complainant must bear under General Statutes § 46a-64. In addressing claims brought under the statute, we are properly guided by the case law surrounding the federal fair housing laws, 42 U.S.C. §§ 3601 through 3631, even though there may be differences between the state and federal statutes.[2] This approach is consistent with our practice of looking to federal employment discrimination law for

---

[2] Title 42 of the United States Code, § 3604, provides: "As made applicable by section 3603 of this title and except as exempted by sections 3603 (b) and 3607 of this title, it shall be unlawful—

"(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin.

"(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of race, color, religion, sex, or national origin.

"(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, or national origin, or an intention to make any such preference, limitation, or discrimination.

"(d) To represent to any person because of race, color, religion, sex, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

"(e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, or national origin."

guidance in enforcing our own antidiscrimination statute. See *Department of Health Services* v. *CHRO,* 198 Conn. 479, 489, 503 A.2d 1151 (1986); *Wroblewski* v. *Lexington Gardens, Inc.,* 188 Conn. 44, 53, 448 A.2d 801 (1982).

The federal courts in construing the federal fair housing laws have uniformly adopted the evidentiary requirement articulated by the United States Supreme Court in federal employment discrimination cases, that the complainant must at the outset establish a prima facie case of discrimination. See, e.g., *Phillips* v. *Hunter Trails Community Assn.,* 685 F.2d 184, 190 (7th Cir. 1982); *Robinson* v. *12 Lofts Realty, Inc.,* 610 F.2d 1032, 1038 (2d Cir. 1979); *Smith* v. *Anchor Bldg. Corporation,* 536 F.2d 231, 233 (8th Cir. 1976); *In re Malone,* 592 F. Sup 1135, 1166 n.21 (E.D. Mo. 1984); see also *McDonnell Douglas Corporation* v. *Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Only when such a threshold has been reached does the burden shift to the respondent to show a legitimate non-discriminatory reason for the challenged action. *Phillips* v. *Hunter Trails Community Assn.,* supra; see also *McDonnell Douglas Corporation* v. *Green,* supra. These standards have been adopted by this court in state employment discrimination cases; *Wroblewski* v. *Lexington Gardens, Inc.,* supra, 53; and are applicable in actions brought under General Statutes § 46a-64.

The plaintiff claims that as part of his prima facie case, the complainant was required to show that he was willing to accept the legitimate business terms established by the plaintiff as a condition of leasing. She argues that it was made clear that no subleasing would be allowed and that the complainant never offered to make the proposed roommates parties to the lease. The hearing officer ruled and the Superior Court affirmed that the complainant had no burden under General Statutes § 46a-64 to show that he had met these terms. We

agree with the plaintiff that the complainant must, as part of his initial burden, introduce evidence that he was ready to accept the legitimate objective requirements of tenancy and we therefore conclude that the hearing officer erred in holding to the contrary.

Under federal law an individual who alleges intentional discrimination in housing may meet his initial burden of establishing a prima facie case by proving that (1) he is a member of the statutorily protected class, (2) he has applied for *and was qualified to rent* or purchase the unit involved, (3) he was rejected by the respondent, and (4) the housing opportunity remained available thereafter. *Phillips* v. *Hunter Trails Community Assn.,* supra; *Robinson* v. *12 Lofts Realty, Inc.,* supra; *Davis* v. *Mansards,* 597 F. Sup. 334, 345 (N.D. Ind. 1984); see generally Schwemm, Housing Discrimination Law (1983) pp. 405–406. An individual is deemed "qualified" if he meets the legitimate objective criteria established by the landlord. *Robinson* v. *12 Lofts Realty, Inc.,* supra; *Duckett* v. *Silberman,* 568 F.2d 1020, 1023 (2d Cir. 1978); *Smith* v. *Anchor Bldg. Corporation,* supra; *Williams* v. *Matthews Co.,* 499 F.2d 819, 826 (8th Cir. 1974). The element that the individual meet the objective business requirements of tenancy is a common sense threshold for making out a case of discrimination. No relief is justified unless the complainant can show that, in the absence of discriminatory intent, he would have been qualified. Although we ordinarily will grant an administrative agency a measure of deference in interpreting the statutes governing its responsibilities; *Board of Trustees* v. *FOIC,* 181 Conn. 544, 552, 436 A.2d 266 (1980); in this case we cannot support the CHRO's position. Reflecting the federal rule in this area, we hold that the complainant, in cases arising under General Statutes § 46a-64, bears the initial burden of showing that he meets the legiti-

mate objective requirements of tenancy.[3] See also *Joplin* v. *Missouri Commission on Human Rights,* 642 S.W.2d 370, 372 (Mo. App. 1982).

The CHRO argues that even if the complainant bore the initial burden of showing that the legitimate business requirements of tenancy were met, the hearing officer's order can still be affirmed because her findings support a showing that the complainant made out a prima facie case. Specifically the CHRO claims that the hearing officer's conclusion that the plaintiff also refused to rent the apartment to the complainant if his roommates were parties to the lease refutes the plaintiff's contention that the complainant was not qualified. While it is true that the hearing officer's finding, if properly reached, would have supported the conclusion that the complainant had made out a prima facie case, the hearing officer's findings were based on the erroneous assumption that the complainant had no initial burden to prove that the plaintiff's business requirements had been met. The officer's findings relating to those requirements therefore are invalid and cannot be used to affirm the order.

Thus, because the hearing officer failed to evaluate the sufficiency of the complainant's case using the proper standard, the trial court erred in affirming the officer's findings, and the case must be remanded to the officer for reconsideration. See *Department of Health Services* v. *CHRO,* supra, 488. On remand, the hearing officer must consider whether the complainant established the elements of a prima facie case as set out above, including the requirement that he comply with the objective terms of tenancy. In the context of

---

[3] There is a similar requirement in employment discrimination cases under General Statutes § 46a-60 that an employee be "qualified" for the contested position. See *Wroblewski* v. *Lexington Gardens, Inc.,* 188 Conn. 44, 53, 448 A.2d 801 (1982); see also *McDonnell Douglas Corporation* v. *Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

the plaintiff's specific claims, the officer must determine: (1) whether the plaintiff objectively required that there would be no subleasing; (2) whether the prohibition of subleasing is a legitimate business requirement; and (3) whether the complainant offered to comply with this condition, but was nevertheless refused tenancy.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to remand the case to the commission on human rights and opportunities for further proceedings in accordance with this opinion.[4]

In this opinion the other justices concurred.

---

[4] Because of our disposition of the plaintiff's first claim of error, we do not reach the three remaining issues.