[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this action to appeal the decision of the defendant Commission (hereinafter CHRO) rendered on two complaints filed by defendant Sochovka alleging that plaintiff had unlawfully discriminated against him in violation of Conn. Gen. Stat. 46a-64a and had brought an eviction against him in retaliation for the filing of the discrimination complaint. Defendant Sochovka's complaint to the CHRO alleged that he was a tenant of plaintiff Russo and was charged an extra $15.00 per month for his apartment because he had a child in violation of Conn. Gen. Stat. 46a-64a(a). The second complaint was filed on July 27, 1983, after plaintiff had caused a notice to quit to be served on Sochovka on July 12 and alleged that the eviction action was in retaliation for the first complaint. Following a public hearing, the hearing officer found that plaintiff had violated Conn. Gen, Stats. 46a-64a(a) and 60(a)(4) and ordered him to pay $1,103.79 in compensatory damages and $2,800 in damages for emotional distress. Plaintiff then filed a petition to reopen, reconsider and reverse the decision. Following denial of the petition, this appeal was brought.
Plaintiff asserts as grounds for the appeal that the defendant CHRO acted illegally, arbitrarily and in excess of its statutory authority. Defendant admits that plaintiff is aggrieved. Plaintiff argues that his commencement of a summary process action is not a violation of Conn. Gen. Stat. 46a-60 (a)(4) because that action is limited to retaliatory employment practices. Conn. Gen. Stat. 46a-60 (a)(4) declares it a discriminatory practice "[for] any person. . .to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83, or 46a-84." The hearing officer found that plaintiff's conduct in initiating eviction proceedings allegedly for non-payment of rent were taken to retaliate against the complainant (Soyochka) and to discriminate against CT Page 2145 him for his tenancy with a minor child. While it is true that 46a-60 (a)(4) includes retaliatory employment practices in its prohibitions, by its terms it is not limited to them or to the employment relationship. Defendant Sovochka had filed a complaint under section 46a-82 and the CHRO's investigator had found reasonable cause to believe that plaintiff had discriminated against him because he occupied his dwelling with a minor child, a violation of 46a-64a.
On appeal, the role of the court is limited. The court can neither retry the case nor substitute its judgment for that of the agency. Madow v. Muzio, 176 Conn. 374, 376 (1978). Instead, the court's duty is to decide whether, in light of the evidence before the agency, it acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489,496 (1986) and cases cited therein. A review of the transcript reveals ample support for the agency's findings of fact. Further, the agency's interpretation of the statute it was created to administer is entitled to great deference. Connecticut State Board of Labor Relations v. Board of Education, 177 Conn. 68, 74 (1979). Further, the Supreme Court has looked to Federal Fair housing laws and the case law interpreting them for guidance in interpreting our law. Zlokower v. CHRO, 200 Conn. 261, 264 (1986). While federal housing law protects against retaliation in 42 U.S.C. § 3617, the court may be guided by that prohibition in interpreting 46a-60 (a)(4) to encompass retaliation against a person who has filed a complaint alleging discrimination in the rental of housing. The court notes that such protection is now explicitly contained in Conn. Gen. Stat. 46a-64c(a)(9). See Public Act 90-246, sec. 5. However, the hearing officer also found that the genesis of the summary process action was complainant's withholding of the extra $15.00 monthly payment already paid from March through June from the July rent and placing it into an escrow account. The additional $15.00 monthly charge was found by the investigator (and, later, by the Hearing Officer) to have been occasioned by the fact that complainant had a minor child. The record amply supports the finding of retaliation.
Plaintiff also attacks the finding of retaliation on the basis that the CHRO "unlawfully enticed" complainant to withhold rent. The hearing officer found that complainant discussed the proposal to put the disputed amount into an escrow account with plaintiff's wife, who said she would talk it over with plaintiff. Plaintiff's reading of the record in a different way cannot change the hearing officer's findings which have substantial support in the record.
Plaintiff next argues that the hearing officer improperly found he had engaged in a pattern and practice of discrimination. He takes issue with the testimony of a CHRO investigator that in connection with a prior complaint, plaintiff had a rental policy of "no pets, no dogs, no children." While plaintiff argues that such testimony violates 46a-83(b) and 46a-84(e) which prohibit receipt into evidence at a hearing "any endeavors or negotiations for conciliation." While it may well be that some of the exhibits regarding that case were improperly admitted, the hearing officer's CT Page 2146 findings and decision cited only the testimony regarding plaintiff's policy made when he served the prior complaint on plaintiff. It is also true that no finding of a pattern or practice is required to make a case under Connecticut law. However, under federal law, conduct aimed at one person over the course of time can constitute a pattern of discrimination. See U.S. v. Pelzer Realty Co., 484 F.2d 438 (5th Cir. 1973). Thus, the hearing officer's finding of a pattern of discrimination does find support in the record even without reference to the plaintiff's prior admission. It is also clear that the order for the payment of damages does not hinge in anyway on that finding. No element of the damage award depends on the finding attacked. Each element of the award is supported by the record.
Plaintiff has failed to show any particular in which the defendant's decision violated the statutory procedures, was arbitrary, or unfounded on the record or an abuse of the discretion with which it is empowered. The decision is affirmed and the appeal dismissed. Pursuant to Conn. Gen. Stat. 46a-94a, a decree enforcing defendant's order shall enter.
SUSCO, J.