[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff, Julie Curran, claims that the defendants, Dagmar I. Roos and Larry Robertson, discriminated against her in violation of General Statutes 46a-64c when she unsuccessfully offered to purchase defendant Roos' house. The plaintiff requests this court to enjoin defendant Roos from selling her house to the successful bidders or any one else until the discrimination claim is finally resolved by this court. This court concludes that the defendants did not discriminate against the plaintiff because of her marital status.
Injunctive relief is an extraordinary remedy and, at times, a harsh remedy. Accordingly, the court's power should be exercised cautiously. In passing upon a request for a temporary injunction, a proper consideration is the merits of the plaintiff's claim.
Mrs. Dagmar I. Roos is ninety years old. A few months before Mrs. Roos placed her house on the market, she became ill CT Page 7337 and moved to her daughter's home in Glastonbury. Mrs. Roos thereafter asked her daughter to sell her home. Her daughter signed a listing agreement with a broker, defendant Larry Robertson.
On April 21, 1993, Mrs. Roos rejected the plaintiff's offer and accepted an offer from a couple who are not parties to this lawsuit. A binder of sale for the transaction was signed on behalf of Mrs. Roos on April 22, 1993.
The defendants have clearly articulated non discriminatory reasons for refusing to sell the house to the plaintiff. The offer to purchase submitted by the plaintiff provided for a closing date which did not allow Mrs. Roos and her daughter, June Roberts, sufficient time to remove Mrs. Roos' personal property from the house. Moreover, the defendant was concerned about the plaintiff's ability to purchase the house. The plaintiff admits that at the time of her offer she had "bad credit." The house in which the plaintiff resided, which was owned by her former husband, was being foreclosed. On April 20, 1993, the plaintiff's request to Sears Mortgage Corporation for pre-approval for a mortgage loan was declined. The defendants were aware of the plaintiff's credit problems. They considered this factor when they rejected her offer to purchase. The successful bidders, on the other hand, had "squeaky clean" credit. In summary, the defendants decided to reject the plaintiff's offer because of the closing date which was proposed and what the defendants perceive to be the unworthy credit status of the plaintiff.
Because the defendants have clearly articulated a legitimate nondiscriminatory reason for their conduct, the plaintiff will have the ultimate burden of persuasion to demonstrate that the proffered reason is pretextual. Zlokower v. CHRO, 200 Conn. 261, 265 (1986). After considering the evidence and weighing the probabilities, the court is not persuaded the plaintiff will be successful.
Based upon the foregoing, the application for a temporary injunction is denied.
THIM, JUDGE CT Page 7338