[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Commissioner of the Commission on Human Rights 
Opportunities (CHRO), brought a complaint on behalf of Philip and Phyllis Tropea, owners of a condominium in the defendant's complex, alleging a violation of § 46a-58 and § 46a-64c
et seq. of the General Statutes, and Title VIII of the Federal Fair Housing Act of 1968 as amended in 1988. This action is m response to a CHRO complaint filed by the Tropeas on August 20, 1997, alleging discrimination based on their familial status. They claim that they have been continually harassed by the defendant ever since their daughter, son-in-law and four children moved into their five room condominium in the summer of 1995. The last act allegedly occurred on July of 1997, when the Tropeas received a letter from the defendant's attorney informing them that they have been fined for unauthorized sporting events on the premises and that foreclosure proceedings have been initiated against them. The CHRO complaint has been incorporated by reference and attached as an exhibit to the operative complaint CT Page 9584 in this proceeding.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complete . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, (1997).
The defendant first argues that the majority of the discriminatory acts alleged by the Tropeas occurred more than one hundred and eighty days before the CHRO complaint was filed, and is therefore time-barred. However, in State v. Commission onHuman Rights Opportunities, 211 Conn. 464, 472 (1989), our Supreme Court held that "the limitation period of [Sec.31-127(now § 46a-82)] of the] General Statutes . . . acted as a limitation on the remedy rather than a limitation on the time one can bring a cause of action." See also VeederRoot Co. v.Commission on Human Rights Opportunities, 165 Conn. 318 (1973). Moreover, the Court expressly recognized that discrete incidents occurring during a continuum of discriminatory employment practices may constitute fresh violations of Sec. 31-126(a) [now § 46a-60] of the General Statutes. State v. Commission onHuman Rights Opportunities, supra, 473. This "continuing violation" theory referred to in the context of employment discrimination extends to housing discrimination, because both statutes have the one hundred eighty day filing requirement. SeeHaven Realty Corp. v. Coleman, 455 U.S. 363, 380-81,102 S.Ct. 1114, 71 L.Ed.2d 214 (1982); see also Miko v. Commission on HumanRights Opportunities, 220 Conn. 192, 202 (1991).
In the present case, the Tropeas made their complaint within a month after the defendant sent the foreclosure letter. Therefore, according to the continuing violation theory, the complaint was timely.
The defendant's next contention is that the facts as alleged in the complaint and incorporated by reference are legally insufficient to support a cause of action under the Connecticut Fair Housing Statutes. They argue that the acts alleged by the plaintiff do not fall within the scope of § 46a-64c(2) of the CT Page 9585 General Statutes, because the Tropeas already own their condominium and did not allege that they were denied services or facilities.
This court notes that our Supreme Court held that in addressing claims under Sec. 46a-64, [they] are properly guided by the case law surrounding the federal fair housing laws,42 U.S.C. § 3601 through 3631, even though there may be differences between the state and federal statutes. ChestnutRealty, Inc. v. Commission on Human Rights Opportunities,201 Conn. 350, 358 (1986), quoting, Zlokower v. Commission on HumanRights Opportunities, 200 Conn. 261, 264 (1986). Furthermore, "[t]he provisions of 42 U.S.C. § 3604 are to be given broad and liberal construction, in keeping with Congress' intent in passing the Fair Housing Act. . . ." (Internal quotation marks omitted.) Cabrera v. Jakabovitz, 24 F.3d 372, 388 (2d Cir. 1994).
Section 46a-64c(2) provides that it is illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income or familial status." This provision not only protects people seeking housing, but also protects people from discrimination while living in their place of residence. "The language of the statute does not lend itself to . . . a narrow interpretation." Schroeder v. DeBertolo,879 F. Sup. 173, 176 (D. Puerto Rico 1995) ("Once [the plaintiff] became the owner of the unit, her housing rights did not terminate. . . . Her right to obtain a dwelling free from discriminatory conduct of others encompassed the right to maintain that dwelling." Schroeder v. DeBertolo, supra, 176-77. See also United States v. Lepore, 816 F. Sup. 1011 (M.D.Pa. 1991) (discrimination based on familial status found when mobile home park limited occupancy to two people per unit in order to maintain adult only facility).
In the present case, the defendant allegedly harassed the Tropeas by threatening fines and foreclosure of their condominium stemming from complaints made because six additional people live in their unit. Furthermore, the defendant accused the Tropeas of violating the Condominium Association by-laws by having the additional occupants live there, despite the by-laws permitting owners to take in immediate family members. The defendant's actions suggest an attempt to have the Tropeas move out or be CT Page 9586 forced out, which would deny them services and facilities as prohibited under the statute. Taking the complaint in the light most favorable to the plaintiff, this court finds sufficient evidence to support a claim of discrimination under the Fair Housing Act.
The defendant's motion to strike is, accordingly, denied.
Moraghan, J.